Longworth, J.
The plaintiff in error was convicted and sentenced in the common pleas court of Morgan county of the crime of burglary. The only question presented by the record for our consideration is whether the court erred in overruling his motion in arrest of judgment, based upon the alleged insufficiency of the indictment under which conviction was had. The charge against the prisoner was, that he feloniously broke and entered “ a certain dwelling-house, to wit, the infirmary of Morgan county, there situate, &c.” It is said that here is no allegation of ownership in Morgan county or its commissioners of the building charged to have been entered. To this we cannot agree. Taking the language in its ordinary meaning, the *506 word “ of,” in this connection, is equivalent to “ the property of” or “ belonging to.” If the charge were breaking into “ a certain dwelling-house, to wit, the tenement of J. S.,” it could not be claimed that here is no averment of ownership in J. S. Why, then, in the case of Morgan county ? Because, it is answered, a county is only an intangible entity existing in contemplation of law, and incapable of occupying a dwelling-house. True, but does it follow from this that it is incapable of owning a dwelling-house ? Were plaintiff’s argument sound it would not be an offense under our statute to break and enter any dwelling-house occupied by others than the non-resident owner.
It is further urged that a county infirmary is not a dwelling-house within the meaning of the section of the code defining burglary (Rev. Stats. § 6835), and, not having been mentioned in the enumerating clause of that section, the charge of burglary will not lie (see Wilson v. State, 34 Ohio St. 199-202). This argument is wholly untenable. Whether a building is or is not a dwelling-house depends upon the use to which it is put. A barn may be converted into a dwelling-house, or a dwelling-house into a barn, by a change of uses; so an infirmary may or may not be a dwelling-house, depending in no wise upon the cpiestion of its ownership or the purposes of its original construction, but upon outside facts and circumstances. See Barnett v. State, ante, p. 7. Had the indictment in the present case simply charged a breaking and entering into the “ infirmary of Morgan county,” there would be no doubt of its insufficiency ; but it goes farther and alleges that the infirmary of Morgan county is a certain dwelling-house. It was incumbent upon the state to prove the truth of this allegation, aud, from the record, we must presume that it was proved to the satisfaction of the jury.

Motion overruled.